UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                      Case No.  3:10-cv-1117-J-25MCR

$209,960.00 in U.S. Currency,

        Defendant.
_____/

## O R D E R

**THIS CAUSE** is before the Court on the United States' Motion to Compel (Doc. 13) filed May 5, 2011.  Claimant Julio Cesar's response to this Motion was due May 31, 2011.  To date, no response has been filed.[1]  Accordingly, the Court will treat the Motion as though it was unopposed.[2]

**I.    BACKGROUND**

Plaintiff, the United States of America, instituted the instant *in rem* civil forfeiture action on December 7, 2010.  (Doc. 1).  On January 20, 2011, Claimant filed a Claim. (Doc. 8).  On March 18, 2011, Plaintiff sent Claimant its First Request for Admissions, Interrogatories, and Requests for Production of Documents.  On April 15, 2011,

---

[1]On June 1, 2011, Claimant's counsel sent the undersigned a letter.  This is an improper form of communication and will be returned.

[2]Claimant's initial response to Plaintiff's Motion was due on May 23, 2011.  When Claimant failed to file a response by that time, the Court entered an Order directing Claimant to file his response no later than May 31, 2011.  (Docs. 14, 15).  Claimant  was cautioned that failure to file a response would result in the Court treating the Motion to Compel as being unopposed.  (Id.).

Claimant responded to Plaintiff's Request for Admissions, but failed to respond to Plaintiff's Interrogatories and Requests for Production of Documents.  As such, Plaintiff requests the Court to enter an Order compelling Claimant to respond to the discovery requests.

## II. ANALYSIS

The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts. See United States v. Proctor & Gamble Co., 356 U.S. 677, 682, 78 S.Ct. 983, 986-87 (1958).  Discovery is intended to operate with minimal judicial supervision unless a dispute arises and one of the parties files a motion requiring judicial intervention.  Furthermore, "[d]iscovery in this district should be practiced with a spirit of cooperation and civility."  Middle District Discovery (2001) at 1.[3]

Federal Rules of Civil Procedure 33(b) and 34 clearly sets forth the substantive and procedural requirements for propounding and responding to interrogatories and requests for production of documents.  Rule 37(a) expressly authorizes an aggrieved party to request an order compelling the production of discovery that has not been forthcoming.  Here, Claimant has failed to fully respond to the government's discovery requests.  Claimant has not raise any objections to the discovery requests in this case,

---

[3] Motions to compel disclosures and other discovery under Federal Rule of Civil Procedure 37(a) are committed to the sound discretion of the trial court. Commercial Union Insurance Co. v. Westrope, 730 F.2d 729, 731 (11th Cir. 1984).  The trial court's exercise of discretion regarding discovery orders will be sustained absent a finding of abuse of that discretion to the prejudice of a party.  See Westrope, 730 F.2d at 731.

and the discovery requested is clearly relevant to the issues in the instant action. Accordingly, the Court directs Claimant to provide responses to Plaintiff's Interrogatories and Requests for Production of Documents no later than **Monday, June 13, 2011.**[4]

## III.  CONCLUSION

Accordingly, after due consideration, it is

**ORDERED**:

The United States' Motion to Compel (Doc. 13) is **GRANTED** as provided in the body of this Order.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  2nd  day of June, 2011.

*Monte C. Richardson*

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record
Any Unrepresented Party

---

[4]Plaintiff is cautioned that failure to comply with this Order may result in sanctions, including striking Claimant's claim.  See Fed. R. Civ. P. 37(b)(2)(A); Buchanan v. Bowman, 820 F.2d 359, 361 (11th Cir. 1987).